Christopher H. Bayley (#010764)
Andrew V. Hardenbrook (#025518)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
Telephone: (602) 382-6000
Facsimile: (602) 382-6070
Email:    cbayley@swlaw.com
            ahardenbrook@swlaw.com
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In Re: | Proceedings Under Chapter 11 |
|---|---|
| FR 160, LLC, | Case No. 3:12-bk-13116- RJH |
| Debtor. | **DECLARATION OF LAWRENCE D. BAIN IN SUPPORT OF CONFIRMATION OF DEBTOR'S AMENDED PLAN OF REORGANIZATION DATED APRIL 1, 2013** |
| | Date:  June 18, 2013<br>Time: 8:30 a.m.<br>Location:  Courtroom 603 |
| | Relates to D.E. Nos. 356, 428 |

LAWRENCE D. BAIN, swearing the following to be true under penalty of perjury, declares:

1.      I am over the age of 18 years and am duly authorized to make this Declaration.

2.      I am the Managing Director of ITH Partners, LLC, a consultant to the Debtor.  I have been authorized by FR 160, LLC ("Debtor") to appear on behalf of Debtor and execute any and all necessary documents on behalf of Debtor in connection with this bankruptcy proceeding.

3.      I make this declaration on personal knowledge in my capacity as a consultant to, and authorized representative of, the Debtor.  The statements I make in this declaration are based on facts known to me personally, or are based on my review of relevant documents or consultation with my counsel and financial advisor, or are my

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

opinions based on experience, knowledge, and information concerning my knowledge of the financial affairs of the Debtor and the Amended Plan. The statements set forth herein are true and accurate to the best of my knowledge.

4. This Declaration is submitted in support of the "Debtor's Amended Plan of Reorganization dated April 1, 2013"[1] (D.E. No. 356) filed by Debtor as modified by that certain "Non-Material Modification to Debtor's Amended Plan of Reorganization dated April 1, 2013" (D.E. No. 428) (collectively, the "Amended Plan").

## I.

## RELEVANT FACTUAL BACKGROUND

5. The Debtor is an Arizona limited liability company, and it is authorized to do business in Arizona.

6. IMH Financial Corporation ("IMHFC") is the manager of the Debtor.

7. IMHFC is the owner of 100% of the membership interests in the Debtor.

8. The Debtor's primary asset is 50 residential lots ("Lots") and Tract H (consisting of 2.24 acres that is contemplated for an additional 8 residential lots) (collectively the "Real Property") generally located in Coconino County, Arizona.

9. On or about July 28, 2008, Debtor filed the first of two adversary proceedings in the bankruptcy proceeding of FRGC Development, LLC, Case No. 2:06-bk-00842-RTBP, against, among others, Flagstaff Ranch Golf Club ("Golf Club"), under Adversary No. 2:08-ap-00507-RTBP ("Adversary Proceeding").

10. In the Adversary Proceeding, Debtor sought declaratory relief from certain requirements set forth in the Declaration of Master Covenants, Conditions, and Restrictions for Flagstaff Ranch Golf Club Residential Community ("CC&R's") and Restrictions for Declaration of Golf Club Easement and Restrictions ("Declaration"), which required all owners of lots to purchase a golf club membership for each lot purchased or acquired.

11. On or about December 8, 2008, Golf Club's motion for summary judgment

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to those terms in the Amended Plan.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1-28

17249813

filed in the Adversary Proceeding was granted.

12.     Thereafter, the Golf Club initiated an action against Debtor in Coconino County Superior Court seeking a judicial foreclosure of the Real Property, which subsequently was removed to the bankruptcy court under Adversary No. 2:08-00151-RTBP.

13.     On or about January 25, 2010, to resolve the disputes between Debtor and the Golf Club, the parties entered into that certain agreement entitled "Agreement and Release" ("Settlement Agreement").

14.     Under the Settlement Agreement, among other things, Debtor delivered to the Golf Club a promissory note in the amount of $4,590,000 (the "Lot Note"), a promissory note in the amount of $720,000 (the "Tract H Note"), and a first position deed of trust ("Deed of Trust") on the Real Property securing repayment of the Lot Note and Tract H Note.

15.     The total agreed upon settlement amount of $5,310,000 was calculated by taking a $60,000 price for fifty-nine (59) Golf Club Memberships for Debtor's 51 lots plus Tract H (consisting of 2.24 acres that is contemplated for an additional 8 residential lots) plus a $30,000 penalty for each Golf Club Membership.

16.     In connection with the Settlement Agreement, a form of stipulated judgment ("Stipulated Judgment") in the principal amount of $7,218,982.53, plus attorneys' fees in the sum of $300,000, together with accrued interest at the rate of eighteen percent (18%) per annum was agreed upon by the parties and entered against the Debtor on February 17, 2010 in the Adversary Proceeding.

17.     Under the Settlement Agreement, the Golf Club was required to file a satisfaction of the Stipulated Judgment if Debtor brought current all arrearages and membership dues from September through January 31, 2010, together with default interest at the rate of eighteen percent (18%) per annum for a total amount of $406,621.00.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

18. Debtor timely paid the $406,621.00 to the Golf Club, and a satisfaction of Stipulated Judgment was recorded on June 7, 2010 in the Coconino County Record's Office at Instrument No. 3563901.

19. Pursuant to the Settlement Agreement, the Golf Club placed the fifty-nine (59) Golf Club Memberships in escrow for the benefit of the Debtor.

20. The Lot Note and the Tract H Note (collectively, the "Notes") were to be paid down as sales of individual lots were made by Debtor, or paid in full by December 31, 2012.

21. The Deed of Trust and Settlement Agreement contained a release price provision obligating the Golf Club to release its lien on any particular lot for $90,000 or $720,000 for Tract H.

22. In exchange for such payments, a Golf Club Membership associated with each of the Lots would be delivered to the Debtor or its designee.

23. For approximately 2 years, from January 25, 2010 through January 1, 2012, Debtor complied with the terms of the Settlement Agreement, Note and Deed of Trust.

24. During this time, Debtor paid approximately $887,000 to the Golf Club, $345,000 to FRPOA, and $27,540 to FRMWWC.

25. There are presently 58 Golf Club Memberships held in escrow for the benefit of the Debtor.

26. With respect to the 58 Golf Club Memberships held in escrow, Debtor cannot participate in the use and enjoyment of the Golf Club, or any voting rights as a Golf Club member.

27. The Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* on June 12, 2012 (the "Petition Date").

28. On or about October 16, 2012, the Debtor sold Lot 132 for a sale price of $235,000 to Daniel B. Kaiser, P.C. ("Buyer"), and the Golf Club transferred one Golf Club Membership to the Buyer.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

29.     From the proceeds of that sale, the Debtor paid the Golf Club (or its designee) a total of approximately $109,054.

30.     On or about October 26, 2012, Debtor and Russ Lyon entered into that certain Listing Agreement in connection with the marketing and sale of the 50 residential lots presently owned by the Debtor.  The Court approved Debtor's retention of Russ Lyon on February 5, 2013.

31.     The Golf Club opens at the end of April, and the "selling season" for real property in the Flagstaff Ranch Golf Club community generally starts during the middle of May and lasts until the end of September.

32.     The Debtor's ability to sell Lots has been impeded by both its prior real estate broker (Flagstaff Ranch Realty Advisors) and this pending bankruptcy proceeding.

33.     The transition from Flagstaff Ranch Realty Advisors to Russ Lyon improves Debtor's ability to sell Lots.  However, given that this transition occurred in February, Debtor has not had sufficient time with its new broker to fully take advantage of the early months of the "selling season" for 2013.  This is significant because individuals and builders purchasing a lot need construction plans and architectural permits approved so that they can break ground on home construction sufficiently in advance of winter, when the cost of construction increases.

34.     This bankruptcy proceeding also hinders Debtor's ability to market and sell the Real Property.  Builders with which I have been negotiating hesitate to commit to any building projects or rolling option agreements to buy numerous lots and build homes over a period of years without first knowing that the Plan is confirmed and that future dealings with these lots will be through the Reorganized Debtor.

35.     Notwithstanding the foregoing, Debtor has begun aggressively marketing the Real Property with its new broker during the "selling season" of 2013.  And, with a confirmed Amended Plan and Debtor's new broker, Debtor is confident that the efforts it is putting forward now (and will put forward after the Amended Plan is confirmed) will bear fruit during the "selling season" in 2014.  In brief, Debtor will be well-positioned to take full advantage of the "selling season" in 2014.

36.     In addition to working with Debtor's new broker, I have been in negotiations with David Grounds, President and Chief Executive Officer of Dorn Homes, Inc. ("Dorn Homes").   Based on these negotiations, I believe that shortly after confirmation of the Amended Plan, the Reorganized Debtor will enter into an agreement with Dorn Homes under which Dorn Homes will purchase 5 lots per year for 5 years, for a total of 25 lots.

37.     David Grounds, President and Chief Executive Officer at Dorn Homes, also has expressed an interest in purchasing more than 5 lots per year if the Flagstaff real estate market continues to improve.

## II.

## SUMMARY OF THE DEBTOR'S AMENDED PLAN

38.     The Debtor's Amended Plan generally contemplates the following general terms and treatment:

(i)     The Debtor will sell, for the highest and best value it can realize in the market, 58 single family lots that constitute the value of the collateral securing Golf Club's secured claim.

(ii)     The Debtor shall pay to Golf Club $100,000 for any lot sold and such payments applied to Golf Club's allowed claim until the claim is paid in full.

(iii)     Debtor shall make minimum payments annual payments to the Golf Club as follows:

a.     On or before November 1, 2014, Reorganized Debtor shall pay a total of at least $750,000.00;

b.     On or before November 1, 2015, Reorganized Debtor shall pay a total of at least $1,500,000.00;

c.     On or before November 1, 2016, Reorganized Debtor shall pay a total of at least $2,000,000.00;

d.     On or before October 1, 2017, Reorganized Debtor shall pay any remaining outstanding amount of the Allowed Secured Claim, which

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Debtor anticipates will be approximately $1,194,000.00 (collectively, "Minimum 1111(b) Annual Installments").

(iv)     During the term of the Amended Plan, the Debtor will continue to pay the necessary ownership and operating expenses of the lots including; golf club membership dues, insurance, property taxes, FRPOA dues and FRMWWC dues.

(v)     IMHFC will contribute or otherwise provide a commitment of at least $500,000 in cash or "New Value" to fund operating shortfalls and other payments required under the Amended Plan, and IMHFC will retain its equity interests in the Debtor.

(vi)     The Debtor will make a payment of 5% of the gross sales price of each lot to be paid to all unsecured creditors in satisfaction of their allowed claims over a five (5) year period with such payments being made on the first business day of the calendar year.

(vii)     The Debtor will pay all administrative claims upon the Effective Date of the Amended Plan from proceeds from the New Value contribution or other sources generated through the Debtor's operations.

39.     As of May 31, 2013, Debtor had paid Golf Club, FRPOA, and FRMWWC a total of $286,615.91 (excluding the $109,054 paid to the Golf Club (or it designee) through the sale of Lot 132) related to what I understand to be "adequate protection" payments to the Golf Club. These payments were made on the following dates and in the following amounts:

i.     $87,969 by letter dated December 11, 2012 from counsel for Debtor to counsel for Golf Club. A true and correct copy of the check and the December 11, 2012 cover letter are attached hereto as **Exhibit 1**.

ii.     $8,825 by letter dated December 11, 2012 from counsel for Debtor to counsel for Golf Club. A true and correct copy of the check and the December 11, 2012 cover letter are attached hereto as **Exhibit 2**.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

iii.     $38,835.63 by letter dated December 20, 2012 from counsel for Debtor to counsel for Golf Club.  A true and correct copy of the check and the December 20, 2012 cover letter are attached hereto as **Exhibit 3**.

iv.     $14,239.71 by letter dated January 10, 2013 from counsel for Debtor to counsel for Golf Club.  A true and correct copy of the check and the January 10, 2013 cover letter are attached hereto as **Exhibit 4**.

v.     $74,157.53 by letter dated February 25, 2013 from counsel for Debtor to counsel for Golf Club.  A true and correct copy of the check and the February 25, 2013 cover letter are attached hereto as **Exhibit 5**.

vi.     $31,027.40 by letter dated April 8, 2013 from counsel for Debtor to counsel for Golf Club.  A true and correct copy of the check and the April 8, 2013 cover letter are attached hereto as **Exhibit 6**.

vii.     $31,561.64 by letter dated May 9, 2013 from counsel for Debtor to counsel for Golf Club.  A true and correct copy of the check and the May 9, 2013 cover letter are attached hereto as **Exhibit 7**.

40.     Debtor also is in the process of obtaining approval for the payment of the June adequate protection payment in the amount of $31,027.40, and I anticipate that the June payment will be made prior to the evidentiary hearing on the Amended Plan on June 18, 2013.

41.     Debtor also has paid real property taxes in the amount of $61,854.48, and the real property taxes for 2012 have been paid in full.

42.     I am aware that the Court has approved and allowed, on an interim basis, the fees and costs for Debtor's professionals as follows:

i.     $128,827.08 in fees and costs for services rendered by Snell & Wilmer L.L.P for the period of June 12, 2012 through September 30, 2012 (D.E. No. 201)

ii.     $243,837.44 in fees and costs for services rendered by Snell & Wilmer L.L.P for the period of October 1, 2012 through January 31, 2013 (D.E. No. 367)

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

iii.     $16,612.50 in fees for services rendered by MCA Financial Corporation, Ltd. for the period of October 1, 2012 through January 31, 2013 (D.E. No. 374); and

iv.     $3,750.00 for fees for services rendered by Montandon Farley Valuation Services, Inc. for the period of December 1, 2012 through January 31, 2013 (D.E. No. 375).

43.     All approved and allowed professional fees and costs will be paid in full prior to the evidentiary hearing on the Amended Plan scheduled for June 18, 2013.

## III.

## COMPLIANCE WITH BANKRUPTCY CODE

44.     My understanding, based on consultation with my counsel, is that 11 U.S.C. § 1129 establishes certain requirements for the Court to confirm the Amended Plan. I believe that the Debtor and its Amended Plan have met the applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code") as addressed herein.

45.     In accordance with § 1129(a)(1), the Amended Plan complies with all applicable provisions of the Bankruptcy Code, including adequate classification of claims against and interest in the Debtor, and I believe that the Amended Plan does not provide for anything that is not permissible under the Bankruptcy Code. FRPOA and FRMWWC are separately classified because post-petition, FRPOA and FRMWWC claims continue to accrue against the Debtor and the bankruptcy estate. FRPOA and FRMWWC also have been receiving "adequate protection" payments post-petition. In contrast, the claims under Class 12, namely the Paradigm Tax Group, Smith Robert, and Vann Engineering, are not secured and do not run with the land (regardless of ownership). The holders of claims under Class 12 also do not continue to accrue claims post-petition, could never assert secured status (pre- or post-petition), and are not receiving "adequate protection" payments. NWRA Ventures also is separately classified under Class 10 because it arises from a guaranty and has an alternative source of recovery. Debtor also separately classifies the claims of Goett and the McCleves as those claims are disputed, contingent, unliquidated and based entirely on state court litigation justifying separate classification

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

as a stipulation and compromise. Debtor also separately classified Flagstaff Ranch Realty Advisors because, among other things, the claim (i) arises from an executory contract; and (ii) is disputed, contingent, and is unliquidated.

46. In accordance with § 1129(a)(2), the Debtor has been and will continue to comply with all applicable provisions of the Bankruptcy Code, including (i) obtaining an approved disclosure statement in support of the Amended Plan on April 29, 2013, (ii) conducting solicitation of votes on the Amended Plan consistent with this Court's order approving the Disclosure Statement and Federal Rules of Bankruptcy Procedure, (iii) complying with all of the Court's orders, and (iv) operating Debtor's business in compliance with the Bankruptcy Code.

47. Debtor proposed the Amended Plan in good faith and not by any means forbidden by law, thereby satisfying 11 U.S.C. § 1129(a)(3). The Amended Plan has the legitimate goal of reorganizing Debtor's business in a way that maximizes the value of the Debtor and the recovery to its creditors. Golf Club will receive payments in the total amount of the allowed amount of its claim on or before October 1, 2017. Debtor will make the Minimum Annual Installments to the Golf Club as follows: (i) on or before November 1, 2014, Reorganized Debtor shall pay a total of at least $750,000.00; (ii) on or before November 1, 2015, Reorganized Debtor shall pay a total of at least $1,500,000.00; (iii) on or before November 1, 2016, Reorganized Debtor shall pay a total of at least $2,000,000.00; (iv) on or before November 1, 2017, Reorganized Debtor shall pay any remaining outstanding amount of the Allowed Secured Claim, which Debtor anticipates will be approximately $1,194,000.00. The Amended Plan also contemplates paying holders of the unsecured creditors their Pro Rata share of five percent (5%) of the Gross Sale Price for any Lot sold over a 5-year period, resulting in a projected distribution of $435,768. The Amended Plan treats all similarly situated creditors equally and fundamentally fair. The Amended Plan reorganizes Debtor's financial affairs to the benefit for all creditors consistent with the objectives and purposes of the Bankruptcy Code.

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

48. In accordance with 11 U.S.C. § 1129(a)(4), the Amended Plan requires that any party seeking payment for services or costs in connection with the Chapter 11 Case must file a proof of claim or application with the Court that is subject to Court approval as reasonable. In particular, pursuant to Sections 1.2 and 4.1.5 of the Amended Plan, any person asserting an Administrative Claims must file a proof of claim or request for payment within 30 days after the Effective Date. Similarly, under Sections 1.69, 1.70 and 4.1.4, any person asserting a claim for Professional Fees must file its request for payment within 60 days after the Effective Date.

49. In accordance with 11 U.S.C. § 1129(a)(5), Section 5.4.1 of the Amended Plan identifies that IMHFC will serve postpetition management of the Reorganized Debtor and that IMFC will not receive any compensation for its role as Manager of the Reorganized Debtor.

50. I believe that the continuance of Debtor's current Manager, IMHFC, is consistent with interests of the creditors and equity holders. IMHFC is a real estate finance company based in the southwest with over thirteen (13) years of experience. Debtor's Manager has substantial experience with the Debtor's business, and it is critical to maintaining Debtor's business operations.

51. IMHFC is the only insider that will be employed or retained by the Reorganized Debtor.

52. I do not believe 11 U.S.C. § 1129(a)(6) is applicable because the Debtor does not charge consumer rates for goods or services subject to governmental or regulatory oversight.

53. In accordance with 11 U.S.C. § 1129(a)(7)(A), each Class of Claims or Equity Interests under the Amended Plan will receive or retain under the Amended Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain of the Debtor's assets were liquidated under Chapter 7 of the Bankruptcy Code.

54. In particular, the Debtor's primary assets are the 50 lots and Tract H (the equivalent of 8 additional lots). The Golf Club asserts a claims secured by the 50 lots and

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

17249813

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1  Tract H in the combined amount of $5,698,575.95 (Proof of Claim Nos. 4, 5). Both the

2  Golf Club and the Debtor agree that the combined amount of the Golf Club's asserted

   claim ($5,698,575.95) exceeds the "as is" bulk sale market value of the Real Property.

3      55.    In addition to the 50 lots and Tract H, the Debtor also has (i) cash in the

4  approximate amount of $110,253 as of April 30, 2013, and (ii) judgments against Master

5  Estates, Gryffon Property Management, and the Goetts, which I believe are likely

6  uncollectable or, at a minimum, any funds received from these judgments will be of

7  inconsequential value. I understand that the Golf Club has asserted an interest in

8  $109,376 of the funds held by Debtor, and the Debtor disputes the Golf Club's claimed

9  interest in those funds.

10     56.    Accordingly, in the event of Chapter 7 liquidation, the Golf Club would

11 receive the value of the Real Property as of the Effective Date (less any closing and

12 transaction costs associated with selling the Real Property), leaving approximately

13 $110,253 for Debtor's other creditors (if Debtor prevails in determining that the Golf

14 Club does not have a security interest in the proceeds from the sale of Lot 132). The

15 Debtor anticipates that the $110,253 would be used entirely to pay administrative

16 expense claims, such as Debtor's attorneys' fees and costs and any Chapter 7

17 administrative expenses. Under the Amended Plan, Debtor proposes to pay the Golf

18 Club the full amount of its allowed secured claim and further anticipates paying

19 approximately $435,768 to the other unsecured creditors.

20     57.    Debtor's financial advisor, MCA Financial Group, Ltd. ("MCA"), has

21 prepared an analysis that determines that the Amended Plan satisfies the requirements of

22 11 U.S.C. § 1129(a)(7)(B), which is attached to the "Declaration of Keith Bierman of

23 MCA Financial Group, Ltd. in Support of Debtor's Amended Plan of Reorganization

24 dated April 1, 2013" (the "Bierman Declaration") filed contemporaneously herewith.

25 Debtor's management worked with MCA in connection with this analysis, and I agree

26 with the determination of MCA that the Golf Club will receive or retain under the

27 Amended Plan on account of its Claim property of a value, as of the Effective Date, that

28

is not less than the value of the Golf Club's interest in the estate's interest in the property that secures the Golf Club's claim.

58.     I understand that the Plan does not satisfy § 1129(a)(8) because Class 4 (Golf Club Secured Claims), Class 5 (FRPOA Secured Claims); Class 6 (FRMWWC Secured Claims); Class 7 (Lease and Contract Rejection Claims); and Class 8 (Deficiency FRMWWC and FRPOA Claims) are impaired classes that did not accept the Plan.

59.     I believe that the Amended Plan satisfies the requirements of 11 U.S.C. § 1129(a)(9).   Under Section 4.1.2, each Allowed Administrative Claim, other than Preserved Ordinary Course Administrative Claims, is to be paid in full in Cash (or otherwise satisfied in accordance with its terms) on the latest of: (a) the Effective Date; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (c) fourteen (14) days after the date on which an order allowing such Claim becomes a Final Order, or as soon thereafter as practicable; and (d) such date as is agreed upon by the holder of such Allowed Claim and Reorganized Debtor.   Under Section 4.1.4, each Person with an Allowed Professional Fee is to be paid in full in Cash in such amounts as are allowed by the Bankruptcy Court (a) the Effective Date or fourteen days (14) after the date such Claim becomes an Allowed Administrative Claim, or as soon thereafter as practicable, (b) upon such other terms as may be mutually agreed upon between the holder of such Allowed Administrative Claim and the Debtor or Reorganized Debtor, or (c) in accordance with the terms of any applicable administrative procedures order entered by the Bankruptcy Court.   Under Section 2.2, each Allowed Preserved Ordinary Course Administrative Claim is to be paid by Reorganized Debtor in accordance with either: (a) the terms and conditions under which such Claim arose; or (b) in the ordinary course of Reorganized Debtor's business. Such payments are to be made by Reorganized Debtor without further action by the holder of such Claim.

60.     With respect to Priority Tax Claims, under Section 4.2.2, each holder of an Allowed Priority Tax Claim is to receive Cash in an amount equal to such Allowed Claim on the later of: (a) the Effective Date; (b) such date as may be fixed by the Bankruptcy Court, or as soon thereafter as practicable; (c) fourteen (14) days after the date on which

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

an order allowing such Claim becomes a Final Order, or as soon thereafter as practicable; and (d) such date as is agreed upon by the holder of such Allowed Claim and Reorganized Debtor.

61. With respect to Coconino Tax Claims, under Section 4.3.2, each holder of an Allowed Coconino Tax Claim is to receive deferred Cash payments equal to the Allowed Coconino County Tax Claims with an interest rate of sixteen percent (16%) per annum amortized over five (5) years from the Petition Date with such payments commencing on the first Business Day of the quarter after the Effective Date and continuing each month thereafter with an unpaid amounts of the Allowed Coconino County Tax Claim and interest fully due and payable on the date that is five (5) years after the Petition Date.

62. I do not anticipate any Coconino Tax Claims because Debtor is current on its real property taxes.

63. I believe that the Plan satisfies § 1129(a)(10) because the Debtor received four impaired, accepting classes comprised of the following: (i) Class 10 (NWRA Claims), (ii) Class 11 (IMHFC Claims); (iii) Class 12 (General Unsecured Creditors) and; (iii) Class 15 (Equity Interests).

64. NWRA is a creditor of IMHFC and the Debtor. NWRA holds no equity interest in IMHFC or the Debtor, and NWRA is not an officer, director, or other person/entity in control of the Debtor. NWRA does not directly or indirectly own or control or holds power to vote 20% or more of the Debtor. Further, the Debtor does not own or control 20% or more of the outstanding voting securities of NWRA.

65. MCA has prepared an analysis that determines that determines that the Amended Plan is feasible and therefore satisfies the requirements of 11 U.S.C. § 1129(a)(11), which is attached to the Bierman Declaration filed contemporaneously herewith. Debtor's management worked with MCA in connection with this analysis, and I agree with MCA's determination that the Amended Plan is feasible.

66. To comply with § 1129(a)(12), the Debtor will pay all pre-confirmation fees payable under 28 U.S.C. § 1930 on or prior to confirmation of the Amended Plan,

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

and, Section 5.6 of the Amended Plan provides that the Reorganized Debtor will be responsible for paying any post-confirmation fees under 28 U.S.C. § 1930(a)(6) and the filing of post-confirmation reports, until a final decree is entered.

67. I do not believe that the Debtor is obligated to pay retirement benefits as that term is defined in Bankruptcy Code § 1114, making 11 U.S.C. § 1129(a)(13) inapplicable to the Amended Plan.

68. The Debtor is not liable for any domestic support obligations, making 11 U.S.C. § 1129(a)(14) inapplicable to the Amended Plan.

69. The Debtor is not an individual, making 11 U.S.C. § 1129(a)(15) inapplicable to the Amended Plan.

70. To the extent applicable to the Debtor, 11 U.S.C. § 1129(a)(16) is satisfied because all transfers of property contemplated by the Amended Plan shall be made in accordance with applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business or commercial corporation or trust.

71. Even though the Plan does not satisfy § 1129(a)(8), all other applicable requirements of 11 U.S.C. § 1129(a) have been satisfied.

72. Additionally, the Amended Plan satisfies § 1129(b). With respect to secured claims, the Amended Plan satisfies § 1129(b)(2)(A) because the Golf Club will retain its lien in the Real Property. Additionally, MCA's analysis demonstrates Golf Club will receive deferred cash payments totaling at least the allowed amount of its claim, of a value, as of the Effective Date of the Amended Plan, of at least the value of its interest in the estate's interest in the Real Property. Debtor's management worked with MCA in connection with this analysis, and I agree with the determination of MCA.

73. With respect to unsecured classes, the Amended Plan satisfies § 1129(b)(2)(B) because the holder of any Claims or interests that is junior to the Claims of such Class will not receive or retain under the Amended Plan on account of such junior Claims or interests in any property.

74. With respect to the equity interests, the class of equity interests (Class 15)

17249813

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

voted to accept the Plan. Therefore, § 1129(b)(2)(C) is not applicable here.

75. Under Section 5.1.1 of the Amended Plan, IMHFC shall contribute new value to the Debtor in the amount of $500,000 by no later than the Effective Date. The $500,000 new value contribution was not previously part of the Debtor's Estate and does not arise from a prior ownership interest of the Debtor.

76. The $500,000 new value contribution also is in the form of money deposited with Debtor on or before the Effective Date.

77. I believe that the $500,000 is necessary for Debtor's successful reorganization because it is being used to pay administrative expenses and other operating costs.

78. The new value contribution of $500,000 is substantial and reasonably equivalent to the value retained by equity holders and the resulting benefit conferred upon creditors based upon MCA's analysis, which is included in the Bierman Declaration. Debtor's management worked with MCA in connection with this analysis, and I agree with the determination of MCA that the new value contribution is substantial and reasonably equivalent to the value retained by IMHFC.

[Remainder of page intentionally left blank]

Snell & Wilmer
—— L.L.P. ——
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

16

17249813

Made this 11th day of June, 2013

Lawrence D. Bain
Managing Director
ITH Partners, LLC
Authorized Representative of Debtor FR 160, LLC

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

Snell & Wilmer

—— L.L.P. ——

LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

1   Copy of the foregoing served by
    Electronic Notification this 12th day
2   of June, 2013, to:

3   Thomas E. Littler
    Robert C. Warnicke
4   Courtney R. Radow
    Gordon Silver
5   1 E. Washington St., Ste. 400
    Phoenix, AZ 85004
6   tlittler@gordonsilver.com
    rwarnicke@gordonsilver.com
7   cradow@gordonsilver.com
    *Attorneys for Flagstaff Ranch Golf Club*
8
    Wesley Denton Ray
9   John J. Hebert
    Polsinelli PC
10  City Scape Plaza
    One E Washington St #1200
11  Phoenix, AZ 85004
    wray@polsinelli.com
12  jhebert@polsinelli.com
    *Attorneys for IMH Financial Corporation*
13
    Theodore P. Witthoft
14  May, Potenza, Baran & Gillespie
    201 North Central Avenue, 22nd Fl.
15  Phoenix, AZ 85004-0608
    twitthoft@cmpbglaw.com
16  *Attorneys for Flagstaff Ranch*
    *Development, LLC; Flagstaff*
17  *Ranch Realty Advisors, LLC;*
    *and RMS Family, LLC*
18
    Howard C. Meyers
19  Burch & Cracchiolo, P.A.
    702 E. Osborn Road, Suite 200
20  P.O. Box 16882
    Phoenix, AZ 85011
21  hmeyers@bcattorneys.com
    *Attorney for Flagstaff Ranch*
22  *Realty Advisors, LLC*

23  Michael G. Tafoya
    Law Office Of Michael G. Tafoya
24  PO Box 930
    Maricopa, AZ 85139
25  michael.tafoya@azbar.org
    *Attorneys for Masters*
26  *FRGC Estates Partners, LLC*

27

28

17249813

1  Larry Lee Watson
   Office of the U.S. Trustee
2  230 N. First Ave., Ste. 204
   Phoenix, AZ 85003-1706
3  larry.watson@usdoj.gov

4  /s/ Kristin Reynolds

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Snell & Wilmer
L.L.P.
LAW OFFICES
One Arizona Center, 400 E. Van Buren
Phoenix, Arizona 85004-2202
(602) 382-6000

# EXHIBIT 1



Snell & Wilmer
—— L.L.P. ——
LAW OFFICES

One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000
602.382.6070 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
SALT LAKE CITY
TUCSON

Christopher H. Bayley
602.382.6214
cbayley@swlaw.com

December 11, 2012

**VIA FEDERAL EXPRESS**

Flagstaff Ranch Property Owners Association
3850 S. Lariat Loop
Flagstaff, AZ 86001

Re:   FR 160, LLC, Debtor, Chapter 11 Proceedings, Case No. 2:12-bk-13116-RTB
      Court Ordered Adequate Protection Payments for Monthly Dues for the Period
      June 13, 2012 through January 2013.

To Whom it May Concern:

   Please find enclosed Check #1002 drawn upon that certain U.S. Bank debtor-in-possession account for FR 160, LLC (fka IMH Special Asset NT 160, LLC) in the amount of $87,969.00, representing post-petition four (4) regularly scheduled monthly payments of $11,648.00, three (3) regularly scheduled monthly payments of $11,466.00, and a pro-rata payment for the month of June 2012 in the amount of $6,979.00.

   If you have any questions, please do not hesitate to contact the undersigned.

                                        Sincerely,

                                        Snell & Wilmer

                                        Christopher H. Bayley

CHB:mjm

Enclosure

Cc:   Tom Littler
      FR 160, LLC

**FR 160 LLC**
DEBTOR IN POSSESSION CASE NUMBER 2:12-BK-13116
GENERAL ACCOUNT
7001 N SCOTTSDALE RD STE 2050
SCOTTSDALE, AZ 85253

 **US bank.**

91-515/1221

12/11/2012

PAY TO THE
ORDER OF   Flagstaff Ranch Property Owners Assn.          $ **87,969.00

Eighty-Seven Thousand Nine Hundred Sixty-Nine and 00/100******************************************** DOLLARS

Flagstaff Ranch Property Owners Assn.
3850 S. Lariat Loop
Flagstaff, Az. 86001

MEMO   RE160 POA - 6/12 - 1/13

⑈00⑈002⑈ ⑆122⑈05⑈55⑆ 15⑈7034430⑊0⑈

---

1002

FR 160 LLC
GENERAL ACCOUNT
Flagstaff Ranch Property Owners Assn.

|  |  |  |  |  |  |
|---|---|---|---|---|---|
|  |  |  |  | 12/11/2012 |  |
|  |  |  | Original Amt. | Balance Due | Discount | Payment |
| Date | Type | Reference |  |  |  |
| 6/1/2012 | Bill | 20120601 | 11,648.00 | 11,648.00 | 6,979.00 |
| 7/2/2012 | Bill | 20120701 | 11,648.00 | 11,648.00 | 11,648.00 |
| 8/1/2012 | Bill | 20120801 | 11,648.00 | 11,648.00 | 11,648.00 |
| 9/4/2012 | Bill | 20120901 | 11,648.00 | 11,648.00 | 11,648.00 |
| 10/1/2012 | Bill | 20121001 | 11,648.00 | 11,648.00 | 11,466.00 |
| 11/5/2012 | Bill | 20121101 | 11,466.00 | 11,466.00 | 11,466.00 |
| 12/1/2012 | Bill | 20121201 | 11,466.00 | 11,466.00 | 11,466.00 |
| 1/1/2013 | Bill | 20130101 | 11,466.00 | 11,466.00 | Check Amount | 87,969.00 |

US Bank FR 160 LLC    RE160 POA - 6/12 - 1/13                                    87,969.00

# EXHIBIT 2



Snell & Wilmer
————— L.L.P. —————
LAW OFFICES

One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000
602.382.6070 (Fax)
www.swlaw.com

Christopher H. Bayley
602.382.6214
cbayley@swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
SALT LAKE CITY
TUCSON

December 11, 2012

**VIA FEDERAL EXPRESS**

Flagstaff Ranch Municipal Waste Water Company
3850 S. Lariat Loop
Flagstaff, AZ 86001

Re:     FR 160, LLC, Debtor, Chapter 11 Proceedings, Case No. 2:12-bk-13116-RTB
        Court Ordered Adequate Protection Payments for Quarterly Dues for the Period
        June 13, 2012 through January 2013.

To Whom it May Concern:

Please find enclosed Check #1001 drawn upon that certain U.S. Bank debtor-in-possession account for FR 160, LLC (fka IMH Special Asset NT 160, LLC) in the amount of $8,825.00, representing the post-petition regularly scheduled Third Quarter 2012 payment in the amount of $3,825, and the regularly scheduled Fourth Quarter 2012 payment in the amount of $3,750.00, including a pro rata January 2013 payment in the amount of $1,250.00.

If you have any questions, please do not hesitate to contact the undersigned.

Sincerely,

Snell & Wilmer

Christopher H. Bayley

CHB:mjm

Enclosure

Cc:     Tom Littler
        FR 160, LLC

16286135          Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER

1001

**FR 160 LLC**
DEBTOR IN POSSESSION CASE NUMBER 2:12-BK-13116
GENERAL ACCOUNT
7001 N SCOTTSDALE RD STE 2050
SCOTTSDALE, AZ 85253


US bank.

91-515/1221

12/11/2012

PAY TO THE
ORDER OF   Flagstaff Ranch Mutual Waste Water Co.                                    $**8,825.00

Eight Thousand Eight Hundred Twenty-Five and 00/100*************************************************** DOLLARS

Flagstaff Ranch Mutual Waste Water Co.
3850 S. Lariat Loop
Flagstaff, Az. 86001

MEMO
RE160 Masters Estates Wastewater Q3, Q4, Januar

⑈00100⑈ ⑈122105155⑈ 151703443060⑈

1001

FR 160 LLC
GENERAL ACCOUNT
Flagstaff Ranch Mutual Waste Water Co.                                          12/11/2012

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 8/1/2012 | Bill | FR003A - FR200A | 1,275.00 | 1,275.00 | | 1,275.00 |
| 8/5/2012 | Bill | FR003A - FR200A | 1,275.00 | 1,275.00 | | 1,275.00 |
| 9/1/2012 | Bill | FR003A - FR200A | 1,275.00 | 1,275.00 | | 1,275.00 |
| 10/1/2012 | Bill | FR003A - FR200A | 1,275.00 | 1,275.00 | | 1,275.00 |
| 11/1/2012 | Bill | FR003A - FR200A | 1,275.00 | 1,275.00 | | 1,275.00 |
| 12/1/2012 | Bill | FR003A - FR200A | 1,275.00 | 1,275.00 | | 1,275.00 |
| 12/1/2012 | Bill | FR003A - FR200A | 1,250.00 | 1,250.00 | | 1,250.00 |
| 12/1/2012 | Credit | FR003A - FR200A | -75.00 | -75.00 | | -75.00 |
| | | | | | Check Amount | 8,825.00 |

US Bank FR 160 LLC    RE160 Masters Estates Wastewater Q3, Q4, Ja                    8,825.00

# EXHIBIT 3



**Snell & Wilmer**
L.L.P.
LAW OFFICES

One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000
602.382.6070 (Fax)
www.swlaw.com

Christopher H. Bayley
602.382.6214
cbayley@swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
SALT LAKE CITY
TUCSON

December 20, 2012

**HAND DELIVERED**

Thomas Littler
Gordon Silver
One E. Washington St., Ste. 400
Phoenix, Arizona 85004

Re:    FR 160, LLC, Debtor
Case No. 2:12-bk-13116-RTB
Check No. 1003, FR 160 LLC DIP Account dated December 19, 2012

Dear Tom:

Pursuant to Judge Baum's order in open court Tuesday morning, please find enclosed a check to the Flagstaff Ranch Golf Club in the amount of $38,835.63. This amount represents the adequate protection payment required by the Court to be paid by the Debtor to Flagstaff Ranch Golf Club based upon a 5% interest accrual on a $3.1 Million secured claim amount. The monthly payment is $12,945.21. This payment is for three (3) months, commencing on October 1, 2012, through December 1, 2012.

Please do not hesitate to contact me if you have any questions in this regard.

Sincerely,

Snell & Wilmer

Christopher H. Bayley

CHB:mjm

Enclosures

cc:    FR 160, LLC

16338032

Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms

**FR 160 LLC**
DEBTOR IN POSSESSION CASE NUMBER 2:12-BK-13116
GENERAL ACCOUNT
7001 N SCOTTSDALE RD STE 2050
SCOTTSDALE, AZ 85253



1003

91-515/1221

12/19/2012

PAY TO THE
ORDER OF   Flagstaff Ranch Golf Club

$**38,835.63

Thirty-Eight Thousand Eight Hundred Thirty-Five and 63/100******************************************************** DOLLARS

Flagstaff Ranch Golf Club
3850 S. Lariat Loop
Flagstaff, Az. 86001

MEMO
FR160 Interest 10/1/12 - 12/31/12

⑈001003⑈ ⑆122105155⑆ 151703443060⑈

---

FR 160 LLC
GENERAL ACCOUNT

1003

Flagstaff Ranch Golf Club

12/19/2012

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 12/1/2012 | Bill | 20121219 | 38,835.63 | 38,835.63 | | 38,835.63 |
| | | | | | Check Amount | 38,835.63 |

US Bank FR 160 LLC    FR160 Interest 10/1/12 - 12/31/12                                    38,835.63

# EXHIBIT 4



Snell & Wilmer
——— L.L.P. ———
LAW OFFICES

One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000
602.382.6070 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
SALT LAKE CITY
TUCSON

Christopher H. Bayley
602.382.6214
cbayley@swlaw.com

January 10, 2013

**HAND DELIVERED**

Thomas Littler
Gordon Silver
One E. Washington St., Ste. 400
Phoenix, AZ 85004

      Re:    FR 160, LLC, Debtor
             Case No. 2:12-bk-13116-RTB

Dear Tom:

      Please find enclosed a check payable to Flagstaff Ranch Golf Club dated January 9, 2013, in the amount of $14,239.71.

      This check and its amount are for the January 2013 "adequate protection" payment required by the Court to be paid by the Debtor to Flagstaff Ranch Golf Club. In follow up to my letter to you dated December 20, 2012 (enclosing the first of such checks for payment of adequate protection in the amount of $38,835.63), and the email from Courtney Radow in your office to me dated December 21, 2012, and my follow-up email to you and Courtney dated January 2, 2013, the monthly payment is based on an agreed principal amount of $3.15 million at 5% interest.

      Because that earlier check did not include calculation of interest at 31 days per month for October and December, the Debtor needed to "catch up" an additional $830. The January payment also must take into consideration 31 days so that the interest payment for January 2013 should be $13,376.71. Adding the catch up payment of $830.00, the payment to Flagstaff Ranch Golf Club in January 2013 is $14,239.71.

      Let me know if you have any questions or comments in this regard.

16423790

Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms

Snell & Wilmer
————— L.L.P. —————

Thomas Littler
January 10, 2013
Page 2

Sincerely,

Snell & Wilmer

Christopher H. Bayley

CHB:mjm
Enclosure
cc:      FR 160, LLC

16423790

**FR 160 LLC**
DEBTOR IN POSSESSION CASE NUMBER 2:12-BK-13116
GENERAL ACCOUNT
7001 N SCOTTSDALE RD STE 2050
SCOTTSDALE, AZ 85253

**US bank.**

91-515/1221

1007

1/9/2013

PAY TO THE
ORDER OF   Flagstaff Ranch Golf Club

$**14,239.71

Fourteen Thousand Two Hundred Thirty-Nine and 71/100**********************************************************************   DOLLARS

Flagstaff Ranch Golf Club
3850 S. Lariat Loop
Flagstaff, Az. 86001

MEMO
FR160 Interest 10/1/12 - 12/31/12

⑆00⑈007⑈ ⑆122105155⑆ 151703443060⑈

---

FR 160 LLC
GENERAL ACCOUNT

1007

Flagstaff Ranch Golf Club

1/9/2013

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 12/31/2012 | Bill | 20130108 | 14,239.71 | 14,239.71 | | 14,239.71 |
| | | | | | Check Amount | 14,239.71 |

US Bank FR 160 LLC     FR160 Interest 10/1/12 - 12/31/12

14,239.71

# EXHIBIT 5



Snell & Wilmer
L.L.P.
LAW OFFICES

One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000
602.382.6070 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
RENO
SALT LAKE CITY
TUCSON

Christopher H. Bayley
602.382.6214
cbayley@swlaw.com

February 25, 2013

**EMAILED AND HAND DELIVERED**

Thomas Littler
Gordon Silver
One E. Washington St., Ste. 400
Phoenix, AZ 85004

Re:  FR 160, LLC, Debtor
Case No. 2:12-bk-13116-RTB
Payment of Due and Future Adequate Protection Payments to Flagstaff Ranch
Golf Club

Dear Tom:

Please find enclosed Check No. 1009 from the FR 160 LLC Debtor-in-Possession General Account with U.S. Bank dated February 19, 2013, made payable to the Flagstaff Ranch Golf Club in the amount of $74,157.53. The total amount is made up of the following amounts:

1. $12,636.99 for "Catch Up" payment to Flagstaff Ranch Golf Club on Adequate Protection payments from October 2012 through January 2013 based on the Bankruptcy Court's secured claim valuation amount of $3.9 Million;

2. $14,958.90 to the Flagstaff Ranch Golf Club for the February 2013 Adequate Protection Payment;

3. $15,000.00 payable to the Flagstaff Ranch Golf Club for February 2013 "Dues Adequate Protection Payment" which, according to Court Order, shall be allocated by the Golf Club between itself and the Property Owners Association and the Waste Water monthly fees. Also, pursuant to Court Order, the Debtor continues to reserve its right to request that the Court, regardless of the Golf Club's internal allocation of the dues payments, apply all of the dues payments to post-petition accruals of the Property Owners Association and Waste Water fees as payment in full;

16647532    Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms.



Snell & Wilmer
——— L.L.P ———

Thomas Littler
February 25, 2013
Page 2

4. $16,561.64 payable to the Flagstaff Ranch Golf Club as a pre-payment for the March 2013 Adequate Protection payment;

5. $15,000.00 payable to the Flagstaff Ranch Golf Club for March 2013 "Dues Adequate Protection Payment" which, according to Court Order, shall be allocated by the Golf Club between itself and the Property Owners Association and the Waste Water monthly fees. Also, pursuant to Court Order, the Debtor continues to reserve its right to request that the Court, regardless of the Golf Club's internal allocation of the dues payments, apply all of the dues payments to post-petition accruals of the Property Owners Association and Waste Water fees as payment in full.

In addition, the parent company has deposited into the Debtor's Debtor-in-Possession general account $109,376.25. The Debtor is coordinating with U.S. Bank with respect to acquiring a separate interest-bearing account to transfer those funds into.

Do not hesitate to contact me if you have any questions with respect to the payments made by the Debtor to the Flagstaff Ranch Golf Club today.

Sincerely,

Snell & Wilmer

Christopher H. Bayley

CHB:mjm
Enclosure
cc:    FR 160, LLC

ORIGINAL DOCUMENT PRINTED ON CHEMICAL REACTIVE PAPER WITH MICROPRINTED BORDER

**1009**

**FR 160 LLC**
DEBTOR IN POSSESSION CASE NUMBER 2:12-BK-13116
**GENERAL ACCOUNT**
7001 N SCOTTSDALE RD STE 2050
SCOTTSDALE, AZ 85253

 **us bank.**

91-515/1221

2/19/2013

PAY TO THE
ORDER OF    Flagstaff Ranch Golf Club

$ **74,157.53

Seventy-Four Thousand One Hundred Fifty-Seven and 53/100************************************************************ DOLLARS

Flagstaff Ranch Golf Club
3850 S. Lariat Loop
Flagstaff, Az. 86001

MEMO
FR160 Interest Payments, Feb.- March Dues

THIS DOCUMENT CONTAINS HEAT SENSITIVE INK. TOUCH OR PRESS HERE - RED IMAGE DISAPPEARS WITH HEAT.    MP

⑆001009⑆ ⑆122105155⑆ 151703443060⑈

FR 160 LLC
GENERAL ACCOUNT

**1009**

Flagstaff Ranch Golf Club                    2/19/2013

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 1/25/2013 | Bill | 20130125 | 12,636.99 | 12,636.99 | | 12,636.99 |
| 2/1/2013 | Bill | 260 | 24,360.00 | 24,360.00 | | 15,000.00 |
| 2/19/2013 | Bill | 2013021901 | 14,958.90 | 14,958.90 | | 14,958.90 |
| 2/19/2013 | Bill | 2013021902 | 16,561.64 | 16,561.64 | | 16,561.64 |
| 2/19/2013 | Bill | 20130301 | 24,360.00 | 24,360.00 | | 15,000.00 |
| | | | | | Check Amount | 74,157.53 |

US Bank FR 160 LLC    FR160 Interest Payments, Feb.- March Dues                    74,157.53

FR 160 LLC
GENERAL ACCOUNT

**1009**

Flagstaff Ranch Golf Club                    2/19/2013

| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 1/25/2013 | Bill | 20130125 | 12,636.99 | 12,636.99 | | 12,636.99 |
| 2/1/2013 | Bill | 260 | 24,360.00 | 24,360.00 | | 15,000.00 |
| 2/19/2013 | Bill | 2013021901 | 14,958.90 | 14,958.90 | | 14,958.90 |
| 2/19/2013 | Bill | 2013021902 | 16,561.64 | 16,561.64 | | 16,561.64 |
| 2/19/2013 | Bill | 20130301 | 24,360.00 | 24,360.00 | | 15,000.00 |
| | | | | | Check Amount | 74,157.53 |

US Bank FR 160 LLC    FR160 Interest Payments, Feb.- March Dues                    74,157.53

SAFEGUARD    LITHO USA  SF5L1  CK7S0811L

# EXHIBIT 6



**Snell & Wilmer**
L.L.P.
LAW OFFICES

One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000
602.382.6070 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
RENO
SALT LAKE CITY
TUCSON

Christopher H. Bayley
602.382.6214
cbayley@swlaw.com

April 8, 2013

**EMAILED AND HAND DELIVERED**

Thomas Littler
Gordon Silver
One E. Washington St., Ste. 400
Phoenix, AZ 85004

  Re:  FR 160, LLC, Debtor, Case No. 2:12-bk-13116-RTB
     Payment of Adequate Protection and Dues to Flagstaff Ranch Golf Club

Dear Tom:

  Please find enclosed Check No. 1502 from the FR 160 LLC Debtor-in-Possession General Account with U.S. Bank dated April 4, 2013, made payable to the Flagstaff Ranch Golf Club in the amount of $31,027.40. The total amount is made up of the following amounts:

  $15,000.00  Dues Payment

  $16,027.40  Adequate Protection Interest Payment

  Do not hesitate to contact me if you have any questions with respect to the payments made by the Debtor to the Flagstaff Ranch Golf Club today.

       Sincerely,

       Snell & Wilmer

       Christopher H. Bayley

CHB:mjm
Enclosure
cc:  FR 160, LLC

16948191  Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms.

**FR 160 LLC**

Debtor in Possession Case # 2:12-BK-13116 General Acct.
7001 N. Scottsdale Rd., Suite 2050
Scottsdale, AZ  85253
480-840-8400

US Bank

**1502**

91-515/1221

04/04/2013

\*\*\*\* THIRTY ONE THOUSAND TWENTY SEVEN AND 40/100 DOLLARS

$31,027.40\*\*

TO THE
ORDER OF

Flagstaff Ranch Golf Club
3850 S. Lariat Loop
Flagstaff, AZ   86001

⑈"00150 2⑈"  ⑆:122105155⑆:  1517034430 60⑈"

DATE:04/04/2013  CK#:1502  TOTAL:$31,027.40\*\*  BANK:US Bank FR160 LLC General(fr160gen)
PAYEE:Flagstaff Ranch Golf Club(flags001)

| Property Address - Code | Invoice - Date | Description | Amount |
|---|---|---|---|
| Masters Estates - 1600 | FC000067 - 01/01/2013 | RE160 Masters IMH001 Golf Membership | 1,502.69 |
| Masters Estates - 1600 | 20130301 - 02/19/2013 | RE160 Masters IMH001 Golf Membership | 9,360.00 |
| Masters Estates - 1600 | FC000087 - 03/01/2013 | RE160 Masters IMH001 Golf Membership | 4,137.31 |
| Masters Estates - 1600 | 02130401 - 4 - 04/01/2013 | RE160 Masters IMH001 Golf Membership | 16,027.40 |
| | | | 31,027.40 |

# EXHIBIT 7



Snell & Wilmer
L.L.P.
LAW OFFICES

One Arizona Center
400 East Van Buren Street
Suite 1900
Phoenix, Arizona 85004-2202
602.382.6000
602.382.6070 (Fax)
www.swlaw.com

DENVER
LAS VEGAS
LOS ANGELES
LOS CABOS
ORANGE COUNTY
PHOENIX
RENO
SALT LAKE CITY
TUCSON

Christopher H. Bayley
602.382.6214
cbayley@swlaw.com

May 9, 2013

**EMAILED AND HAND DELIVERED**

Thomas Littler
Gordon Silver
One E. Washington St., Ste. 400
Phoenix, AZ 85004

Re: FR 160, LLC, Debtor, Case No. 2:12-bk-13116-RTB
Payment of Adequate Protection and Dues to Flagstaff Ranch Golf Club

Dear Tom:

Please find enclosed Check No. 1505 from the FR 160 LLC Debtor-in-Possession General Account with U.S. Bank dated May 9, 2013, made payable to the Flagstaff Ranch Golf Club in the amount of $31,561.64. The total amount is made up of the following amounts:

$15,000.00 Dues Payment

$16,561.64 Adequate Protection Interest Payment

Do not hesitate to contact me if you have any questions with respect to the payments made by the Debtor to the Flagstaff Ranch Golf Club today.

Sincerely,

Snell & Wilmer

Christopher H. Bayley

CHB:mjm
Enclosure
cc: FR 160, LLC

Snell & Wilmer is a member of LEX MUNDI, The Leading Association of Independent Law Firms.

**FR 160 LLC**

Debtor in Possession Case # 2:12-BK-13116 General Acct.
7001 N. Scottsdale Rd., Suite 2050
Scottsdale, AZ 85253
480-840-8400

US Bank

91-515/1221

**1505**

05/09/2013

**** THIRTY ONE THOUSAND FIVE HUNDRED SIXTY ONE AND 64/100 DOLLARS

TO THE
ORDER OF

$31,561.64**

Flagstaff Ranch Golf Club
3850 S. Lariat Loop
Flagstaff, AZ  86001

*MEMO: FR160 Interest May*

⑈00 1505⑈  ⑆1221051551⑇  1517034430601⑈

DATE:05/09/2013  CK#:1505  TOTAL:$31,561.64**  BANK:US Bank FR160 LLC General(fr160gen)
PAYEE:Flagstaff Ranch Golf Club(flags001)  MEMO: FR160 Interest May

| Property Address - Code | Invoice - Date | Description | Amount |
|---|---|---|---|
| Masters Estates - 1600 | 217 - 07/02/2012 | | 15,000.00 |
| Masters Estates - 1600 | 02130401 - 5 - 05/09/2013 | FR160 Interest May | 16,561.64 |
| | | | 31,561.64 |